```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MAHLKÖNIG USA, INC., et al.,

                        Plaintiffs,                              REPORT AND
                                                                 RECOMMENDATION
          -against-                                              23 CV 06385 (ENV) (CLP)

THE ESPRESSO SPECIALIST, INC.,

                        Defendant.
----------------------------------------------------------- X
```

**POLLAK**, United States Magistrate Judge:

On August 25, 2023, plaintiffs Mahlkönig USA, Inc. ("Mahlkönig") and Hemro International AG ("Hemro") commenced this action against defendant The Espresso Specialist, Inc. ("Espresso Specialist"), asserting breach of contract and account stated claims based on defendant's alleged failure to pay invoices for coffee grinder products that defendant received from plaintiffs. (Compl.[1] ¶¶ 18-27).

Currently pending before this Court on referral from the Honorable Eric N. Vitaliano is plaintiffs' motion for default judgment (ECF No. 11). For the reasons set forth below, it is respectfully recommended that plaintiffs' motion be denied without prejudice.

FACTUAL AND PROCEDURAL HISTORY

According to the Complaint, plaintiff Mahlkönig is a Delaware corporation, with its principal place of business at 5628 Airport way S, STE 280, Seattle, WA, 98108 (Compl. ¶ 6), and plaintiff Hemro is a Swiss entity, with its principal place of business at Thurgauerstrasse 80, CH-8050 Zürich, Switzerland. (Id. ¶ 7). Plaintiffs allege that defendant Espresso Specialist is a New York corporation, with its principal place of business located at 44 Washington Avenue, Brooklyn, NY, 11205. (Id. ¶ 8).

---

[1] Citations to "Compl." refer to plaintiffs' Complaint, filed August 25, 2023 (ECF No. 1).

1

According to the Complaint, plaintiffs Mahlkönig and Hemro manufacture and sell premium coffee and espresso grinders. (Id. ¶ 11). Plaintiffs allege that throughout 2022 and 2023, the defendant ordered several of plaintiffs' products, specifically premium coffee grinders, and that the products were delivered to the defendant's business address in Brooklyn. (Id. ¶¶ 2, 11-20). Plaintiffs also state that the defendant did not reject the premium coffee grinders when they were received. (Id. ¶ 21).

The plaintiffs allege that they sent invoices to defendant seeking payment for these purchases. Hemro sent the defendant invoices for products ordered on February 5, 2022, May 24, 2022, June 6, 2022, June 30, 2022, and October 7, 2023, totaling €50,533.27 ($54,906.42 USD[2]). (Id. ¶ 14). Mahlkönig sent the defendant invoices for payments due on July 31, 2022, and September 26, 2022, totaling $272,659.59. (Id. ¶ 15). This amount was reduced to $189,696.83 after Mahlkönig applied a credit to defendant's account. (Id. ¶¶ 15, 16).

Plaintiffs allege that defendant has not paid either of the two sets of invoices. (Id. ¶ 17). Plaintiffs argue that "payment became due upon acceptance of conforming goods," and defendant's failure to pay constitutes a breach of contract. (Id. ¶¶ 22, 23). Plaintiffs also contend that because defendant did not object to the invoices within a reasonable time, the invoices are valid accounts stated and defendant owes the remaining balance on the invoices, plus pre-judgment interest and the costs of collection on the accounts stated. (Id. ¶¶ 26, 27).

Following the filing of the Complaint on August 25, 2023, the summons and Complaint were served on defendant Espresso Specialist on August 29, 2023. (ECF No. 7). Defendant's answer was due on September 19, 2023. (Id.) When the defendant failed to file an answer or otherwise respond within the required time period, plaintiffs requested a

---

[2] Plaintiffs state that this number was calculated by converting the amount due (€50,533.27) to dollars using the conversion rate as of the date the Complaint was filed. (Compl. ¶ 14).

2

certificate of default. (ECF No. 9). On October 27, 2023, the Clerk of the Court entered default as to Espresso Specialist. (ECF No. 10).

On November 13, 2023, plaintiffs moved for default judgment. (ECF No. 11). Accompanying the Notice of Motion are Affirmations by Samuel Grant, a representative for both plaintiffs. (Grant Hemro Aff.[3] ¶ 1; Grant Mahlkönig Aff.[4] ¶ 1). Attached as exhibits to the Affirmations are a demand letter sent to defendant dated August 7, 2023, Mahlkönig's account statement for defendant, Hemro's account statement for defendant, and the certificate of default. (ECF No. 11-1). Plaintiffs also submitted a proposed order for default judgment (ECF No. 11-2), and proof of service of the motion on defendant. (ECF No. 11-3).

## DISCUSSION

### I. Procedural Requirements

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at * 1 (E.D.N.Y. Nov. 21, 2017); see also Morales v. Los Cafetales Restaurant Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (stating that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution") (quoting Contino v. United States, 535 F.3d 124, 126 (2d. Cir. 2008)), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Pursuant to Local Civil Rule 7.1, a movant's motion must append: "(1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) A memorandum of law, setting forth the

---

[3] Citations to "Grant Hemro Aff." refer to the Affirmation of Samuel Grant in Support of Motion for Default Judgment, completed in his capacity as representative for Hemro, dated November 10, 2023 (ECF No. 11-1 at 1-3).
[4] Citations to "Grant Mahlkönig Aff." refer to the Affirmation of Samuel Grant in Support of Motion for Default Judgment, completed in his capacity as representative for Mahlkönig, dated November 10, 2023 (ECF No. 11-1 at 4-6).

3

cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."

Here, plaintiffs have failed to comply with Local Civil Rule 7.1. Although they attached to the Notice of Motion the Affirmations of their representative, Samuel Grant, plaintiffs did not provide a memorandum of law. Courts in this district have found that a violation of Local Civil Rule 7.1 is sufficient for a court to deny the motion. See Pompey v. 23 Morgan II, LLC, No. 16 CV 2065, 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (holding that "the absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion."); Lopez v. Metro & Graham LLC, No. 22 CV 332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (noting that "plaintiff's Motion for Default Judgment violates Local Civil Rule 7.1 as it contains no memorandum of law").

The Court notes that the provided Affirmations barely contain any legal authority and certainly not sufficient authority in support of a finding of liability and damages as required for entry of default judgment. (ECF No. 11-1). Even if they did, however, "[s]ubmitting an affidavit rather than a memorandum of law is insufficient under Local Rule 7.1." Wenzhou Wanli Food Co. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)); see also Lopez v. Metro & Graham LLC, 2022 WL 18809176, at *4 (finding that "courts in the Second Circuit routinely ignore legal arguments contained in declarations and affidavits").

Since plaintiffs have failed to file a memorandum of law in compliance with Local Civil Rule 7.1, the Court respectfully recommends that the motion for default judgment be denied without prejudice.

## II.  Other Issues with Plaintiffs' Motion

In addition to the issues relating to plaintiffs' failure to comply with Local Civil Rule 7.1, the Court has identified several other deficiencies in plaintiffs' submissions.

### 1. Legal Standard

When a defendant defaults, the defendant is deemed to have admitted every well-pleaded allegation of the complaint, "except those relating to damages." See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also Vierling Commc'ns GMBH v. Stroyls, No. 09 CV 6654, 2011 WL 5854625, at *1 (S.D.N.Y. Sept. 16, 2011), report and recommendation adopted, 2011 WL 5844158 (S.D.N.Y. Nov. 21, 2011); Wong v. East River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995) (explaining that "[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded"). The Court, however, must review the allegations in the complaint to determine if the elements of each claim have been adequately pleaded. See Au Bon Pain Corp. v. Artec, Inc., 653 F.2d at 65; Archbold v. Tristate ATM, Inc., Nos. 11 CV 5796, 12 CV 847, 2012 WL 3887167, at *3 (E.D.N.Y. Sept. 7, 2012), report and recommendation adopted, (E.D.N.Y. Mar. 15, 2013); Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (explaining that "it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief"), report and recommendation adopted, id. at 150-52. "[I]f a plaintiff fails to state a claim, a court cannot enter default judgment in plaintiff's favor." Graham v. HSBC Mortg. Corp., No. 18 CV 4196, 2022 WL 1266209, at *4 (S.D.N.Y. Apr. 28, 2022).

5

      2. <u>Breach of Contract Liability</u>

It is well-established under New York law that a party alleging an action for breach of contract must prove the following: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." <u>First Investors Corp. v. Liberty Mut. Ins. Co.</u>, 152 F.3d 162, 168 (2d Cir. 1998) (quoting <u>Rexnord Holdings, Inc. v. Bidermann</u>, 21 F.3d 522, 525 (2d Cir. 1994)). "[A] contract is defined under New York law [as] an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." <u>Meloni v. RGM Distribution, Inc.</u>, 201 F. Supp. 3d 360, 370 (E.D.N.Y. 2016) (quoting <u>Fisher v. Int'l Student Exch., Inc.</u>, 38 F. Supp. 3d 276, 282 (E.D.N.Y. 2014)) (alteration in original). "[T]here must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." <u>Id.</u> (quoting <u>Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc.</u>, 887 F. Supp. 2d 459, 470 (E.D.N.Y. 2012)) (alteration in original).

Plaintiffs' allegations regarding the existence of a contract are largely conclusory. Plaintiffs simply allege that "[o]n various dates throughout 2022 and into 2023, Defendant TEP contracted to purchase coffee grinder products from Plaintiffs MAHLKÖNIG and HEMRO," and "[t]hroughout 2022, Defendant TEP ordered several grinder products from Plaintiffs for delivery to its location in Brooklyn, NY." (Compl. ¶¶ 2, 12). Plaintiffs do not provide any details regarding how defendant allegedly ordered the products, whether through phone, email, or another method. Although plaintiffs list in the Complaint dates that defendant ordered products from Hemro, the order dates listed by Hemro in the Complaint do not exactly match those listed in Hemro's account statement. (<u>Id.</u> ¶ 14; ECF No. 11-1). With respect to Mahlkönig, there are no specific order dates alleged in the Complaint (Compl. ¶ 15), nor are any provided in Mahlkönig's account statement. (ECF No. 11-1). There is also no allegation in the Complaint that the parties agreed to material terms, such as how many

products were to be delivered or their price.  See Cambridge Cap. LLC v. Ruby Has LLC, 565 F. Supp. 3d 420, 471 (S.D.N.Y. 2021) (holding "a plaintiff must sufficiently plead the existence of a contract by providing factual allegations regarding its formation, the date it took place, and the contract's material terms. . . Conclusory allegations that a contract existed do not suffice"); CoraMed USA, LLC v. Alexion Pharms., Inc., 695 F. Supp. 3d 251, 264 n.6 (E.D.N.Y. 2023) (finding that mutual assent to material terms was adequately alleged where the complaint alleged that the parties agreed on a price).  Therefore, while plaintiffs allege that they delivered the ordered items and defendant accepted but did not pay for those items, the barebones conclusory allegations in the five-page Complaint fail to allege that an agreement was reached between the parties sufficient to constitute an enforceable contract.  In the absence of any Memorandum of Law setting forth relevant authority demonstrating that the allegations in the Complaint are sufficient to state a breach of contract claim, the Court declines to recommend a finding that plaintiffs have alleged sufficient facts to satisfy the first element of the breach of contract claim – namely that the parties reached an agreement and thus a contract exists.  See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (holding "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements").

        3.   Account Stated Liability

Plaintiffs also seek a claim for an account stated.  (Compl. ¶¶ 24-27).  "An account stated is an express or implied agreement between parties to an account based on prior transactions between them."  First Bank & Tr. v. Coventina Constr. Corp., No. 18 CV 6648, 2019 WL 4120363, at *4 (E.D.N.Y. July 23, 2019), report and recommendation adopted, 2019 WL 4089393 (E.D.N.Y. Aug. 26, 2019).  Even without a formal contract, this mutual agreement is enforceable.  Johnson and Johnson Fin. Corp. v. BSR Realty L.P., No. CV 96

7

0567, 1996 WL 546284, at *4 (E.D.N.Y. Sept. 19, 1996).  In order to establish an account stated under New York Law, the plaintiffs must prove that "(i) an account was presented; (ii) the account was accepted as correct; and (iii) the debtor promised to pay the amount stated." First Bank & Tr. v. Coventina Constr. Corp., 2019 WL 4120363, at *4-6.  The second and third requirements may be implied if "a party receiving a statement of account keeps it without objecting to it within a reasonable time."  INTL FCStone Markets, LLC v. Intercambio Mexicano de Comercio S.A. de C.V., No. 18 CV 1004, 2020 WL 1529369, at *2 (S.D.N.Y. Mar. 31, 2020) (quoting IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 411 (S.D.N.Y. 2009)).

Here, plaintiffs allege that defendant "received multiple invoices" from plaintiffs on various dates throughout 2022 and 2023, and "has not objected within a reasonable time." (Compl. ¶¶ 14, 15, 25, 26).  However, plaintiffs' allegation that defendant placed multiple orders with them does not constitute sufficient prior dealings to establish that the invoices were accepted as correct simply by reason of defendant's failure to object.  Therefore, in the absence of any authority indicating that conclusory allegations comparable to those set forth in plaintiffs' Complaint are sufficient to establish liability, the Court declines to recommend a finding of liability as to plaintiffs' account stated claim.

    4.  <u>Damages</u>

It is well-settled that the burden is on the plaintiff to establish its entitlement to recovery.  See Greyhound Exhibit group, In. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citing United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir.1989)); Au Bon Pain Corp. v. Artect. Inc., 653 F.2d at 65; Deshmukh v. Cook, 630 F. Supp. 956, 959-60 (S.D.N.Y. 1986).

Plaintiffs seek to recover damages of the alleged amount owed by Espresso Specialist for the unpaid invoices.  In support of their claim for damages, plaintiffs each submitted an

account statement identifying the invoices for defendant, the date that each invoice was due, and the unpaid amount. (ECF No. 11-1 at 9-13). The plaintiffs also provided a demand letter that was sent to defendant and declarations from the plaintiffs' representative, Samuel Grant, that reaffirm the amounts owed by Espresso Specialist. (ECF No. 11-1 at 8; Grant Hemro Aff. ¶ 6; Grant Mahlkönig Aff. ¶ 6). However, the account statements do not contain any detailed information regarding the specific products ordered or the number of products ordered. Nor do the plaintiffs provide any other proof of agreed upon terms of sale or confirmation of delivery or receipt of the products. Indeed, plaintiffs have not even attached the actual invoices, only the account statements summarizing the content of the invoices, with no evidence verifying the transmittal of the invoices and receipt of the invoices by defendant. Therefore, even if liability were established, the supporting documentation provided by plaintiffs is insufficient for this Court to recommend an award of damages at this time.

CONCLUSION

For the reasons stated above, it is respectfully recommended that plaintiffs' motion be denied without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiffs are directed to promptly serve a copy of this Report and Recommendation on defendant and to provide the Court with proof of service.

**SO ORDERED**

Dated: Brooklyn, New York
       August 15, 2024                    /s/ Cheryl L. Pollak
                                              Cheryl L. Pollak
                                              United States Magistrate Judge
                                              Eastern District of New York